1  TONY WEST
   Assistant Attorney General
2  MELINDA L. HAAG
   United States Attorney
3  R. MICHAEL UNDERHILL
   Attorney in Charge, West Coast Office
4  Torts Branch, Civil Division
   VICKEY L. QUINN
5  Trial Attorney
   Torts Branch, Civil Division (Admiralty)
6  U.S. Department of Justice
   P.O. Box 36028
7  450 Golden Gate Avenue, Room 7-5395
   San Francisco, California 94102-3463
8  Telephone:   (415) 436-6645
   Facsimile:   (415) 436-6632
9  E-mail:      vickey.1.quinn@usdoj.gov

10 PETER A. LINDH (061907)
   MARKER E. LOVELL, JR. (208659)
11 CHELSEA D. YUAN (240559)
   GIBSON ROBB & LINDH LLP
12 201 Mission Street, Suite 2700
   San Francisco, California  94105
13 Telephone:   (415) 348-6000
   Facsimile:   (415) 348-6001
14 Email:       plindh@gibsonrobb.com
                mlovell@gibsonrobb.com
15              cyuan@gibsonrobb.com

16 Of Counsel for Defendant
   UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| TERRY MENDOZA, | Case No. CV-11-02158 EMC |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | |
| UNITED STATES OF AMERICA; and THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, | Date: January 14, 2016<br>Time: 10:30 a.m.<br>Place: Courtroom 5, 17th Floor<br>Judge: Edward M. Chen |
| Defendants. | Complaint Filed: May 2, 2011<br>Trial Date: None |

Counsel for Plaintiff:

Gary Wm. Baun, Esq.
OBRYAN BAUN KARAMANIAN
401 S. Old Woodward, Suite 450
Birmingham, MI  48009
(248) 258-6262
(248) 258-6047 fax
gbaun@obryanlaw.net

Counsel for Defendant:

Marker E. Lovell, Jr., Esq.
Chelsea D. Yuan, Esq.
GIBSON ROBB & LINDH LLP
201 Missions Street, Suite 2700
San Francisco, CA  94105
(415) 348-6000
(415) 348-6001 fax
mlovell@gibsonrobb.com
cyuan@gibsonrobb.com

**1. JURISDICTION AND SERVICE:**

This action is being prosecuted by Plaintiff pursuant to the Jones Act, 46 USC § 30104, *et seq*., the Suits in Admiralty Act, 46 USC § 30903, the Public Vessels Act, 46 USC § 31102, and the General Admiralty Law of the United States.  This Court obtains original jurisdiction over the subject matter and parties to the suit pursuant to 28 USC § 1333(a) in addition to the above-statutory provisions.  The parties do not contest the jurisdiction of this Court over the subject matter and parties to this action or venue.

**2. FACTS:**

This action is maritime personal injury in nature and arises from an incident of injury suffered by Terry Mendoza on June 4, 2010, while he was acting within the scope and course of his employment for the University of California aboard the R/P FLIP.

It is Plaintiff's claim that while the R/P FLIP was being moored with the assistance of the USNS SIOUX, he sustained injury as a result of the negligence of the officers and crewmembers of both vessels, the unseaworthiness of both vessels, and failure of Defendant to provide him with a safe place to work.

Defendant denies each of Plaintiff's allegations in that regard.

/ / /

**2A.  Factual Issues:**

The manner in which the subject accident occurred and causal connection of the accident to Plaintiff's claimed injuries.

Whether Plaintiff's claimed injuries, if any, were caused or contributed to by the negligence attributable to Defendant and/or the unseaworthiness of the vessel.

Plaintiff's comparative fault, if any.

Recoverable damages.

**3.  LEGAL ISSUES:**

- Negligence of Defendant including, but not limited to, the failure to provide a safe place to work.

- Negligence under the General Admiralty and Maritime Laws of the United States including failure to use reasonable care under the circumstances including failure to provide adequate, competent and sufficient manpower, equipment, and work and safety procedures under the prevailing circumstances then and there present.

- The seaworthiness of the R/P FLIP.

- The nature and extent of damages to which Mr. Terry Mendoza is entitled under the applicable law.

- Plaintiff's entitlement to pre-judgment interest.

- Plaintiff's entitlement to attorney fees.

- Defendant's entitlement to exoneration and/or limitation of liability.

- Whether Plaintiff has mitigated his damages.

- Plaintiff's comparative fault, if any.

- Whether Plaintiff's claims are barred by the doctrine of laches, waiver and estoppel.

- Whether Defendant's actions as alleged in Plaintiff's Complaint constitute exercise of discretion.

**4.  MOTIONS:**

The parties do not currently anticipate any substantive motions at this time but reserve the right to file any necessary motions.

**5.  AMENDMENT OF PLEADINGS:**

The parties reserve the right to amend pleadings as may be necessary.

**6.      DISCLOSURES:**

The parties have completed Rule 26 initial disclosures.

**7.      DISCOVERY:**

Plaintiff's deposition is partially complete and he has still not yet reached maximum medical improvement. He has been treating for neck and shoulder problems, including dystonia, that he alleges are related to the incident. Given the ongoing treatment for orthopaedic injuries, Plaintiff had an orthopaedic IME with Dr. Richard Greenfield in September 2014, and his report was completed on November 2, 2014. Plaintiff desires to depose a Person Most Knowledgeable from the University of California regarding benefits paid to Mr. Mendoza which is being scheduled in the next few weeks; the Person Most Knowledgeable from the Military SeaLift Command regarding application and operation of ISM to the USNS SIOUX; and the USNS SIOUX helmsman. Plaintiff has deposed six people employed by the University of California as well as the master of the USNS SIOUX, Captain Brad Smith. Plaintiff has also has expressed an interest in deposing the defense neurologist Dr. Michael Lobatz. Plaintiff has deposed seven of Plaintiff's evaluating and treating medical providers including: Alicjia Steiner, M.D.; Robert Warren, M.D.; Ian Purcell, M.D.; Philip Azer, M.D.; Sarah Ray, Psy. D.; Edward Brantz, M.D.; and William Tontz, Jr., M.D. Plaintiff also recently deposed Dr. Louis Fontana, Dr. Shams Sheikh, Dr. Manuel Tobias, and Captain Chris Troupe. Defendant scheduled the deposition of Dr. Barbara Schrock in July 2015, but due to unforeseen reasons the deposition was cancelled. Psychological IME testing of Plaintiff is scheduled for October 5, 2015, with Dr. Dean Delis. An earlier appointment was cancelled because Plaintiff's significant other had an unforseen medical emergency. Defendant also wishes to schedule a neuropsychiatric IME of Plaintiff. The parties do not propose any limitations or modifications of the discovery rules. Further discovery is needed regarding Plaintiff's allegations of negligence on the part of Defendant, and General Maritime Law of the United States; the unseaworthiness of the R/P FLIP and/or USNS SIOUX; the nature and extent of Terry Mendoza's injuries, disability, and damages; and Defendant's claims of comparative negligence on the part of Mr. Mendoza.

/ / /

1      Defendant does not wish to complete Plaintiff's deposition until he has reached
2  maximum medical improvement status. Defendant also anticipates deposing several former
3  employers and associates of plaintiff who are located in Washington and Alaska.

4  **8.     RELIEF:**

5      Plaintiff seeks monetary damages as follows:

6      Pecuniary damages: Plaintiff would seek loss of wages and destruction or diminishment
7  of wage earning capacity should be calculated considering the wages paid by University of
8  California, San Diego, to crew members of vessels which it operated at the time of the subject
9  incident June 4, 2010, with adjustments for pay increases and promotions.

10     Medical expenses: The costs of ongoing medical evaluation, treatment and maintenance
11 pursuant to recommendations of Mr. Mendoza's treating and evaluating medical providers and a
12 life care plan.

13     Non-pecuniary damages in the nature of loss of social pleasures, fright and shock, and
14 pain and suffering past, present and future.

15     Pre-judgment interest.

16 **9.     SETTLEMENT AND ADR:**

17     The parties reached a conditional settlement at mediation on December 17, 2015. The
18 parties will finalize the settlement and file a dismissal. The parties request that the Case
19 Management Conference set for January 14, 2016, be taken off calendar.

20 **10.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:**

21     At this time the parties do not consent to a Magistrate Judge.

22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

Undersigned counsel for Defendant UNITED STATES OF AMERICA, Marker E. Lovell, Jr., certifies that all electronic signatures below have been duly authorized by signatory counsel per Civil Local Rule 5.1.  Marker E. Lovell, Jr., attests to have on file all holographic signatures corresponding to any signatures indicated by a conformed signature (/S/) within this e-filed document.

Dated: January 7, 2016                                           Dated: January 7, 2016

OBRYAN BAUN KARAMANIAN                              GIBSON ROBB & LINDH LLP

By: /S/ GARY WM. BAUN                                          By: /S/ MARKER E. LOVELL, JR.
    Gary Wm. Baun                                                         Marker E. Lovell, Jr.
    gbaun@obryanlaw.net                                             mlovell@gibsonrobb.com
    Attorney for Plaintiff                                                  Attorney for Defendant
    TERRY MENDOZA                                                   UNITED STATES OF AMERICA

```
IT IS SO ORDERED that the Further CMC
is reset from 1/14/16 to 2/11/16 at
10:30 a.m.  An updated joint CMC statement
shall be filed by 2/4/16.  The 2/11/16
CMC will be vacated once a stipulation for
dismissal is filed.
_____
Edward M. Chen
U. S. District Judge
```

IT IS SO ORDERED AS MODIFIED
Judge Edward M. Chen